IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00715-FL

| | |
|---|---|
| GEORGE B. EDMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 13,16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On October 10, 2012, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning June 18, 2012.[1] The claims were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a November 12, 2014, hearing, denied plaintiff's claims by decision entered December 12, 2014. Following the ALJ's denial of his

---
[1] Plaintiff subsequently amended his alleged disability onset date to July 1, 2013.

applications, plaintiff timely filed a request for review , and the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on August 10, 2016, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 1, 2013. At step two, the ALJ found that plaintiff had the following severe impairments: MCL tear and degenerative joint disease of the left knee and bilateral carpal tunnel syndrome. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform a limited range of medium work, in that plaintiff can frequently stoop, kneel, crouch, crawl, balance, and climb ramps, stairs, ladders, ropes, and scaffolds; he can occasionally push and pull with the bilateral lower extremities; and he can frequently handle and finger bilaterally. At step four, the ALJ concluded plaintiff was able to perform his past relevant work as a janitor, kitchen helper, laborer in stores, retail sales clerk, and cashier clerk. In an alternative finding, at step five, the ALJ found that in light of plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that he can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

Plaintiff argues the ALJ failed to accord the appropriate weight to the opinion evidence in the record and the ALJ erred in determining that plaintiff was able to perform a limited range of medium work, including his past relevant work.

In argument, plaintiff points to no particular error on the magistrate Judge's part, but rather, restates without substantive alteration, verbatim, arguments made in plaintiff's motion for judgment

on the pleadings. (DE 13; DE 19). Upon careful review of the record, the court finds that the magistrate Judge already has addressed the argument made by plaintiff in his objection, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47.

The magistrate judge thoroughly addressed plaintiff's first argument at pages 6-10 of the M & R, where he discusses the ALJ's weighing of the medical opinion evidence from Dr. Cohen and Dr. McCutchan. See Mastro v. Apfel, 270 F3d 171, 178 (4th Cir. 2001) (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence"). Additionally, the magistrate judge thoroughly addressed plaintiff's second argument at pages 10-14, where he discusses the ALJ's determination that plaintiff was able to perform a limited range of medium work, including past relevant work. "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994).

Accordingly, the court adopts as its own the magistrate Judge's discussion of the opinion evidence and residual functional capacity determinations.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 13) is DENIED, and defendant's motion for judgment on the pleadings (DE 16) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 14th day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge